**Lou Emma NEWSOME,**
**Plaintiff–Appellant,**

v.

**Sam BERMAN, as aider and**
**abettor, Defendant,**

**Phelps Memorial Hosp. Ct.,**
**Defendant–Appellee.**

**No. 01–7845.**

United States Court of Appeals,
Second Circuit.

Nov. 14, 2001.

Lou Emma Newsome, Ossing, NY, pro se.

Stephen J. Malone, Proskauer Rose LLP, New York, NY; Karen Stefflre, on the brief, for appellee.

Present POOLER, and KATZMANN, Circuit Judges, HURD, District Judge.*

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED.

Lou Emma Newsome appeals from the judgment of the United States District Court for the Southern District of New

---

* The Honorable David N. Hurd, United States District Court Judge for the Northern District of New York, sitting by designation.

York (Brieant, *J.*) dismissing her sexual harassment, racial discrimination, retaliatory discharge and state law claims against Phelps Memorial Hospital Center. For the reasons given below, we affirm.

Phelps Memorial employed Newsome as a mental health worker from 1996 to 1998. Newsome alleges that over a period of several months in 1996, she was sexually harassed by Sam Berman, a triage nurse. Newsome testified Berman did not harass her after January 2, 1997. She also testified Berman was the only employee who sexually harassed her.

Newsome received a mixed performance evaluation in October 1997, with some categories rated "needs improvement," some "exceeds expectations" and some as "meets expectations." The evaluation notes Newsome experienced "some difficulties with her interpersonal relations with staff." Newsome received a written warning for insubordination in December 1997. After being absent without prior approval and failing to providing a doctor's note, Newsome was given a final written warning and four-day suspension in January 1998. Newsome was notified in writing that her employment would be terminated if there were any further incidents. In February, Newsome was sent home after a series of complaints regarding her inappropriate behavior. Newsome attributed the negative evaluation and warnings regarding her behavior to retaliation and racial discrimination. Newsome was terminated as a result of this incident.

Newsome filed an administrative complaint with the New York State Division of Human Rights and the Equal Employment Opportunity Commission ("EEOC") on December 23, 1997. Her complaint alleged she was sexually harassed by Berman and retaliated against after she complained about the alleged harassment, followed by an amended complaint also alleging sexual harassment and retaliation. Neither complaint raised a racial discrimination claim.

Newsome brought suit in district court in April 2000, after receiving her right to sue letter from the EEOC. The district court granted Phelps Memorial's motion for summary judgment, finding Newsome's sexual harassment claims time barred; that Newsome failed to make out her *prima facie* case of retaliation; and that her racial discrimination claims failed because she did not obtain a right to sue letter from the EEOC cover those claims. This appeal followed.

We review grants of summary judgment *de novo*. *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202–03 (2d Cir.1995). The district court properly found Newsome's sexual harassment claim was time barred. Newsome did not file her EEOC charge until December 23, 1997–more than 300 days after the harassing behavior ended on January 2, 1997. She did not allege a continuing violation. Thus, her sexual harassment claims are time barred. *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir.1998).

The district court correctly dismissed Newsome's racial discrimination claims, Newsome's right to sue letter from the EEOC did not include her racial discrimination claims. The right to sue letter is a necessary prerequisite to filing suit. 42 U.S.C. § 2000e–5(f)(3); 29 C.F.R. 1601.28(e)(1). This prerequisite may be waived by the parties or the court. *Pietras v. Bd. of Fire Comm'rs*, 180 F.3d 468, 474 (2d Cir.1999). However, Newsome offers no explanation for her failure to obtain a right to sue letter that would support such a waiver. Even assuming for the sake of argument that the requirement was waived, Newsome's claim would still fail because she can not make out a *prima facie* case of racial discrimination. A *prima facie* case requires a showing that (1)

plaintiff is a member of a protected class; (2) her job performance was satisfactory; (3) she was subject to an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Hargett v. Nat'l Westminister Bank,* 78 F.3d 836, 838 (2d Cir.1996). Newsome offers no evidence to show she was discriminated against on the basis of her race.

We have examined the remainder of Newsome's claims and we find them without merit.